UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

DON KARL JURAVIN,

Plaintiff,

v.

KENNETH BOBBY JONES, an individual,

GORDON WOODRUFF, an individual,

Defendants.

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND OTHER RELIEF

NATURE OF THE ACTION

1. This is an action for breach of contract, damages, and other relief arising from Defendants' failure to fulfill their obligations under a Memorandum of Understanding ("Agreement") for the purchase of Plaintiff's residence and the subsequent refusal to release escrow funds, causing severe financial and emotional distress.

PARTIES

2. Plaintiff Don Karl Juravin ("Juravin") was residing in Lake County, Florida until about August 15, 2024.

3. Defendant Kenneth Bobby Jones ("Jones") is an individual residing in the state of North Carolina.

4. Defendant Gordon Woodruff ("Woodruff") is an individual and attorney, acting in the capacity of escrow agent, and residing in the state of North Carolina.

JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

FACTUAL BACKGROUND

7. On or about July 9, 2024, Plaintiff and Defendant Jones entered into an Agreement for the sale of Plaintiff's residence located at 15118 Pendio Dr.,

2

Bella Collina, Florida ("the Property") for the sum of $2,000,000.00 (<u>Exhibit 1</u>).

8. As part of the Agreement, Defendant Jones placed $150,000.00 in an escrow account with Defendant Woodruff, acting as escrow agent.

9. Plaintiff, in reliance on the Agreement, abandoned all other options to sell the Property and counted on Jones to fulfill his contractual obligations to allow sufficient time to relocate in order to allow his minor daughters to continue in the same schools.

10. Despite Plaintiff's continued efforts and compliance, Defendant Jones failed to act in good faith to execute the Agreement, as evidenced by numerous emails wherein Plaintiff was accommodating and helpful.

11. Defendant Woodruff, despite repeated demands, has refused to release the $150,000.00 escrow to Plaintiff, exacerbating Plaintiff's financial and emotional distress.

12. Defendant Jones was fully apprised of Plaintiff's financial and personal circumstances for approximately 18 months prior to entering into the Agreement. Despite this awareness, and in direct contravention of the Agreement's terms, Jones failed to honor his contractual commitments. Furthermore, both Defendants, Jones and Woodruff have refused to release

the $150,000.00 held in escrow, a refusal that has had devastating consequences for Plaintiff, his wife, and two minor daughters.

13. As a result of Defendant Jones's breach and the failure to release the escrow funds, Plaintiff, his wife, and two minor children have been left without the financial means or adequate time to secure alternative housing and make necessary arrangements for the upcoming school year. This has subjected them to severe emotional and financial distress, compounded by the impending threat of eviction.

14. Defendant Jones, an experienced and savvy businessman, entered into the Agreement with full knowledge of its terms and the severe repercussions that would ensue from his failure to comply. His intentional dishonoring of the Agreement was not a mere oversight or misunderstanding but a calculated decision made with full awareness of Plaintiff's precarious financial situation. Jones's actions, or lack thereof, demonstrate a blatant disregard for the welfare of Plaintiff, his wife, and minor children, further exacerbating their distress and hardship. His failure to act in good faith and fulfill his obligations under the Agreement constitutes a deliberate and malicious breach, warranting substantial legal and equitable relief.

15. The evidence unequivocally demonstrates that Plaintiff informed and updated both Jones and Woodruff multiple times daily. Plaintiff went to

extraordinary lengths to accommodate and facilitate every one of Jones's requirements to ensure the successful execution of the Agreement. Despite these relentless efforts and clear communication, Jones continually failed to uphold his end of the Agreement.

16. When Jones did not purchase the house through the court proceedings, he still had the opportunity to do so at the subsequent auction. His continued failure to act at the auction resulted in the house being sold for $1.3 million, significantly lower than the $2 million agreed-upon sale price. This shortfall has directly caused an additional $700,000.00 in actual damages.

17. This $700,000.00 was not just a financial figure but represented the homestead money essential for the security and stability of Plaintiff's family with two minor daughters. Jones's neglectful and irresponsible actions have deprived Plaintiff's family of these critical funds, exacerbating their financial distress and leaving them without the resources necessary to secure alternative housing and meet their essential needs. Jones's disregard for the Agreement and subsequent inaction have inflicted severe financial and emotional harm not only on Plaintiff but also on his wife and two minor children, warranting substantial compensatory and punitive damages.

TIME TABLE OF EVENTS AND EVIDENCE

February 2023

- February 6, 2023: Email from Don Juravin to Rick Arr and Kenneth Bobby Jones regarding the mortgage owed ($1,253,457.46) and the need to address it with the lender PSR (Exhibit 2). Despite the urgent nature of the issue, Jones showed initial interest but did not take immediate steps.

- February 8, 2023: Don Juravin and Aldo Bartolone (Don Juravin's former attorney) discuss selling the house and dealing with the bankruptcy court (Exhibit 3). Concerns about the homestead protection if the proceeds are donated were addressed, yet Jones did not provide immediate solutions or commitments.

- February 10, 2023: Kenneth Bobby Jones expresses interest in buying Don Juravin's house under favorable terms, with a willingness to pay off the current lender and clear the title (Exhibit 4). However, subsequent actions by Jones did not reflect a serious commitment to this interest.

- February 10, 2023: Communication regarding the loan principal payoff offer to PSR by Don Juravin, aiming to end hostilities around the foreclosure matter, was met with limited proactive steps from Jones (Exhibit 5).

- February 13, 2023: Don Juravin outlines points for a bridge loan, including a lien on the house and interest rate details, to facilitate an Agreement (Exhibit 6). Jones's response was lackluster and non-committal.
- February 17, 2023: Discussion about the complexities of selling or placing a second lien on the property amidst bankruptcy proceedings showed that the Juravins were willing to make significant concessions to ensure the sale, yet Jones remained passive (Exhibit 7).

June 2024

- June 4, 2024: Inquiry from Don Juravin on behalf of Kenneth Booby Jones regarding potential house purchase in Bella Collina, checking for conflicts of interest with legal representation (Exhibit 8). Jones's responses were delayed, impacting the progress of the Agreement.
- June 17, 2024: Brief regarding a call with Kenneth Bobby Jones about ongoing foreclosure and legal issues related to the house at 15118 Pendio Dr. Jones did not take immediate or effective action to address these issues (Exhibit 9).
- June 18, 2024: Coordination between Don Juravin and April Goodwin for legal representation for Anna Juravin, with Kenneth Booby Jones involved

in the discussions. Despite clear instructions, Jones's cooperation was minimal (Exhibit 10).

- June 19, 2024: Multiple emails from Don Juravin seeking legal advice and representation on behalf of Kenneth Bobby Jones for the potential purchase of the house, contacting various attorneys. Jones's participation was inconsistent and non-committal (Exhibit 11).

- June 26, 2024: Don Juravin sends floor plans of the house to Kenneth Bobby Jones, continuing discussions on the house sale. Despite being provided with detailed information, Jones did not proceed (Exhibit 12).

- June 26, 2024: Email from Don Juravin to Kenneth Bobby Jones confirming the Original Bible Foundation's nonprofit status. Jones's acknowledgment was minimal, and no significant actions followed (Exhibit 13).

July 2024

- July 1, 2024: Agreement finalized between Don Juravin and Ken Jones for the sale of the house. Multiple revisions and discussions took place leading up to this point. Despite Jones's prior assurances, his actions remained insufficient (Exhibit 14).

- July 3, 2024: Continued discussions to clarify milestone events and timings within the Agreement. Jones's responses were often delayed and incomplete (Exhibit 15).

- July 5, 2024: Don Juravin and Kenneth Bobby Jones discuss the chain of events and decide on the obligations and conditions for the Agreement. Jones agreed verbally but failed to take significant steps to fulfill his promises (Exhibit 16).

- July 6, 2024: Further revisions to the Agreement are made based on discussions between Kenneth Bobby Jones and Gordon Woodruff. Jones's commitment continued to wane (Exhibit 17).

- July 7, 2024: Discussions to finalize the details of the Agreement, ensuring all necessary clauses and protections are included. Jones's lack of action contradicted his verbal commitments (Exhibit 18).

- July 8, 2024: Kenneth Bobby Jones and Don Juravin confirm the terms of the Agreement, including the conditions for the earnest money deposit and the right to terminate. Despite this confirmation, Jones failed to act (Exhibit 19).

- July 9, 2024: Agreement is signed and notarized by both parties, with confirmation of the $150,000.00 deposit into the attorney trust account.

Jones's subsequent actions did not reflect this formal commitment (Exhibit 20).

- July 10, 2024: Don Juravin requests a more formal letter from the law firm to confirm the $150,000.00 deposit for court purposes. Jones did not facilitate this process (Exhibit 21).

- July 12, 2024: Final agreement and escrow payout details are communicated between Don Juravin and April Goodwin, with involvement from Kenneth Bobby Jones. Despite clear instructions, Jones remained uncooperative (Exhibit 22).

- July 16, 2024: Michele Diglio-Benkiran updates Kenneth Bobby Jones and Don Juravin about the foreclosure process, emphasizing the need to delay the sale and prepare for the auction. Jones's inaction further jeopardized the Agreement (Exhibit 23).

- July 17, 2024: Don Juravin informs Kenneth Bobby Jones about the urgency of executing the Agreement and stopping the auction. Jones did not take the necessary steps to prevent the foreclosure (Exhibit 24).

- July 18, 2024: Don Juravin and Kenneth Bobby Jones discuss the liens and the need for court approval to proceed with the sale. Jones failed to take decisive action (Exhibit 25).

- July 18, 2024: Don Juravin addresses concerns about liens and judgments with Kenneth Bobby Jones and other involved parties. Jones's responses were inadequate (Exhibit 26).

- July 19, 2024: Don Juravin urges Kenneth Bobby Jones to respect the Agreement and execute the purchase or bid on the house. Jones's lack of action was deliberate and harmful (Exhibit 27).

- July 21, 2024: April Goodwin sends a formal letter to Gordon Woodruff declaring Kenneth Bobby Jones in breach of the Agreement and demanding the release of the $150,000.00 deposit to the Juravins. Woodruff's refusal to release the funds exacerbated the situation (Exhibit 28).

CAUSES OF ACTION

Count I: Breach of Contract Against Kenneth Bobby Jones

18. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. Plaintiff and Defendant Jones entered into a valid and enforceable Agreement for the sale of the Property.

20. Plaintiff fully performed all obligations under the Agreement, including but not limited to cooperating with Defendant Jones and providing all necessary documentation and information.

21. Defendant Jones breached the Agreement by failing to proceed with the purchase of the Property as agreed, failing to release the escrow funds, and not acting in good faith.

22. As a direct and proximate result of Defendant Jones's breach, Plaintiff has suffered and continues to suffer damages, including but not limited to financial loss, emotional distress, and other consequential damages.

Count II: Breach of Contract Against Gordon Woodruff

23. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

24. Defendant Woodruff, acting as escrow agent, had a duty to release the $150,000.00 escrow to Plaintiff upon the breach of the Agreement by Defendant Jones.

25. Defendant Woodruff breached this duty by failing to release the escrow funds despite repeated demands from Plaintiff.

26. As a direct and proximate result of Defendant Woodruff's breach, Plaintiff has suffered and continues to suffer damages, including but not limited to financial loss, emotional distress, and other consequential damages.

Count III: Unjust Enrichment Against Kenneth Bobby Jones and Gordon Woodruff

27. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. Defendant Jones and Defendant Woodruff have been unjustly enriched at the expense of Plaintiff by retaining the $150,000.00 escrow funds.

29. It would be inequitable for Defendants to retain the benefit of these funds without compensating Plaintiff.

30. Plaintiff is entitled to restitution from Defendants in the amount of $150,000.00.

Count IV: Fraudulent Misrepresentation Against Kenneth Bobby Jones

31. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Defendant Jones knowingly and intentionally made false representations to Plaintiff regarding his intent and ability to purchase the Property and fulfill the terms of the Agreement.

33. Plaintiff relied on these false representations to her detriment, resulting in significant financial and emotional damages.

34. As a direct and proximate result of Defendant Jones's fraudulent misrepresentation, Plaintiff has suffered and continues to suffer damages, including but not limited to financial loss, emotional distress, and other consequential damages.

Count V: Intentional Infliction of Emotional Distress Against Kenneth Bobby Jones and Gordon Woodruff

35. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Defendants knew or should have known that their actions, including failing to honor the Agreement and withholding the escrow funds, would cause Plaintiff severe emotional distress.

37. Defendants' actions were extreme and outrageous, exceeding the bounds of decency in a civilized society.

38. As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff has suffered and continues to suffer severe emotional distress, including but not limited to anxiety, depression, and other psychological injuries.

Count VI: Negligence Against Kenneth Bobby Jones

39. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. Defendant Jones owed a duty of care to the Plaintiff to act in good faith and fulfill the terms of the Agreement.

41. Defendant Jones breached this duty by failing to proceed with the purchase of the Property and by failing to release the escrow funds, despite knowing the financial situation and the urgency required by the Agreement.

42. As a direct and proximate result of Defendant Jones's negligence, the Property was sold at a foreclosure auction for $1.3 million, significantly lower than the $2 million agreed-upon sale price, resulting in $700,000.00 financial loss to the Plaintiff.

43. Plaintiff has suffered damages including but not limited to the difference in the sale price, loss of equity in the Property, and additional emotional distress.

Count VII: Negligence Against Gordon Woodruff

44. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Defendant Woodruff, acting as escrow agent, owed a duty of care to the Plaintiff to manage the escrow funds responsibly and to release the funds upon breach of the Agreement by Defendant Jones.

46. Defendant Woodruff breached this duty by failing to release the escrow funds despite knowing the financial urgency and the Plaintiff's reliance on those funds.

47. As a direct and proximate result of Defendant Woodruff's negligence, the Property was sold at a foreclosure auction for $1.3 million, causing significant financial loss to the Plaintiff.

48. Plaintiff has suffered damages including but not limited to the difference in the sale price, loss of equity in the Property, and additional emotional distress.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Don Karl Juravin, individually and as head of the household and guardian of his minor daughters, respectfully requests that this Court enter judgment in his favor and against Defendants Kenneth Bobby Jones and Gordon Woodruff as follows:

1. For compensatory damages in the amount of $3,500,000.00, including but not limited to:
    - The difference in the sale price due to the foreclosure auction.
    - Emotional distress.
    - Loss of equity in the Property.
    - Legal fees and other consequential damages.
2. For restitution of the $150,000.00 escrow funds.
3. For punitive damages against Defendant Kenneth Bobby Jones for fraudulent misrepresentation and intentional infliction of emotional distress.
4. For pre-judgment and post-judgment interest at the maximum rate permitted by law.
5. For an award of attorneys' fees and costs incurred in bringing this action.
6. For such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 5, 2024                                      Respectfully submitted,

_____/
Don Karl Juravin /Pro Se/
11437 Linden Depot Rd
San Antonio, FL 33756
Don@Juravin.com
(813) 810-5100
